IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOSEPH EVERSON,                        )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )
                                       )   No. 18-cv-02517-TMP
NANCY A. BERRYHILL, Acting             )
Commissioner of Social                 )
Security,                              )
                                       )
    Defendant.                         )
_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Joseph Everson's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. (ECF No. 1.) After the parties consented to the jurisdiction of the United States magistrate judge, pursuant to 28 U.S.C. § 636(c), this case was referred to the undersigned. (ECF No. 10.) For the following reasons, the Commissioner's decision is affirmed.

## I.    FINDINGS OF FACT

Everson applied for disability benefits under Title II of the Act on December 6, 2016, with an alleged onset date of April 14,

2013.[1]  (R. 224.)  The Social Security Administration ("SSA") denied Everson's application initially and upon reconsideration. (R. 134, 140.)  At Everson's request, a hearing was held before an Administrative Law Judge ("ALJ") on February 20, 2018.  On March 5, 2018, the ALJ issued a decision denying Everson's request for benefits after finding that he was not under a disability because he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (R. 16-30.)  In his decision, the ALJ found that Everson has these severe impairments: "headaches, hypertension, history of degenerative disc disease, history of degenerative joint disease, posttraumatic stress disorder, depression, and adjustment disorder."  (R. 18.)  Next, the ALJ found that Everson did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments contained within 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 19.)  The ALJ then concluded that Everson has the RFC:

> to perform medium work as defined in 20 C.F.R. 404.1567(c) except he can climb ladders, ropes, and scaffolds occasionally. He can climb ramps and stairs frequently, and he can balance, stoop, crouch, kneel, and crawl occasionally. Claimant cannot work at very loud noise intensity levels as defined by the Selected

---

[1] Everson previously applied for disability benefits on September 8, 2015, with an alleged onset date of April 15, 2013. (R. 76.)  In an August 31, 2016 decision, and ALJ denied that claim. (R. 76-85.)  The Appeals Council upheld the ALJ's decision on November 11, 2016.  (R. 16.)  Since a final adjudication concluded Everson was not disabled from April 2013 until November 11, 2016, Everson's earliest possible onset date is November 12, 2016.

-2-

> Characteristics of Occupations. He can have frequent
> interaction with supervisors and coworkers, but he should
> have no interaction with the general public.

(R. 22.)

At step four, the ALJ concluded that Everson was unable to perform any past relevant work. (R. 28.) The ALJ's analysis advanced to step five where he stated that:

> considering the claimant's age, education, work
> experience, and residual functional capacity, there are
> jobs that exist in significant numbers in the national
> economy that the claimant can perform.

(R. 29.) Accordingly, the ALJ concluded that Everson was not disabled and was therefore not entitled to disability benefits under Title II of the Act. On May 25, 2018, the Appeals Council denied Everson's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 2.) Everson filed the instant action on July 26, 2018, seeking review of the ALJ's decision. (ECF No. 1.) In his appeal, Everson raises two arguments. Everson initially argues that the ALJ erred by inadequately analyzing Everson's VA disability rating. (ECF No. 12 at 13-16.) Next, he argues that the ALJ's decision to assign Dr. Bruce Randolph's opinion little weight was unsupported by substantial evidence. (Id. at 16-19.)

## II. CONCLUSIONS OF LAW

**A.  Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a

hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support

a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.    The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or

> whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity

criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C.   Whether the ALJ Erred in Analyzing the VA Disability Rating**

"Though other agencies make their own decisions about benefits eligibility, the Social Security Administration's regulations clearly instruct that the Commissioner is not bound by those decisions." Joseph v. Comm'r of Soc. Sec., 741 F. App'x 306, 310 (6th Cir. 2018) (citing 20 C.F.R. § 404.1504). "The basis for this

regulation is sound: different rules applied by other agencies 'may limit the relevance of a determination of disability made by another agency.'" Id. (quoting LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 387 (6th Cir. 2013)). "But the Commissioner may nonetheless find an agency's determination relevant, depending on the similarities between the rules and standards each agency applies to assess disability." LaRiccia, 549 F. App'x at 388. While the Sixth Circuit "has not set forth a specific standard regarding the weight the Commissioner should afford a 100% disability determination by the VA," it has stated that "an ALJ 'should explain the consideration given to these decisions in the notice of decision.'" Id. (quoting Soc. Sec. Rul. 06-03, 2006 WL 2329939, at *7 (Aug. 9, 2006)).

When making the RFC finding, the ALJ addressed the VA rating as follows:

> The undersigned considered the claimant's service-connected disability rating from the Department of Veterans Affairs at Exhibit B17E. The undersigned has given little weigh to the Department of Veterans Affairs' determination. The disability determination process utilized by the Department of Veteran Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. Therefore, the undersigned has given the rating little weight. Moreover, the underlying treatment records are

not supportive of disability under the Social Security
Administration's disability program.

(R. 27.) On appeal, Everson argues that "the ALJ did not offer a legally sufficient explanation for rejecting Plaintiff's VA rating." (ECF No. 12 at 14.) Courts within this circuit have rejected this argument where, as here, the ALJ discounts the relevance of a VA disability rating because of the differences between the VA's and SSA's disability standards. See Miller v. Comm'r of Soc. Sec., No. 1:16-cv-1441, 2018 WL 1516847, at *5 (W.D. Mich. Mar. 28, 2018) ("The ALJ . . . ultimately concluded that [the claimant's] receipt of a VA disability was not dispositive of his claim for [disability insurance benefits] because the standards for VA disability are very different from this program. The ALJ considered the evidence of plaintiff's receipt of VA benefits. Accordingly, plaintiff's claim of error will be denied." (internal citation and quotation omitted)); Riley v. Berryhill, No. 3:16-cv-776, 2017 WL 3468556, at *5 (W.D. Ky. Aug. 11, 2017) ("The ALJ focused on the well-established fact that the VA disability rating process is substantively different from the Social Security disability determinations. The ALJ's comparison of the VA disability standards to the Social Security disability standards is accurate. The VA relies on criteria that is independent and distinct from that of the Social Security Act when assessing disability. . . . Courts within the Sixth Circuit have noted that claimants seeking disability under the Social Security Act are

subject to a more stringent standard than those under the Department of Veterans Affairs." (internal citation and quotation omitted)). Moreover, the decisions in Miller and Riley are in line with the Sixth Circuit's recent decision in Joseph. In Joseph, the Sixth Circuit stated:

> And importantly, [the ALJ] explained why Joseph's impairments led her to a different determination than the one that the VA reached. Specifically, [the ALJ] explained the difference between the VA's disability system and Social Security's: the VA expresses disability as a percentage of diminished earning capacity applied to a hypothetical average person's ability to earn income, whereas Social Security does not assess degrees of disability and determines whether the applicant can make an adjustment that allows him to perform any other substantial gainful work that exists in the national economy.

Joseph, 741 F. App'x at 310-11 (internal citation and quotation omitted). Accordingly, the court concludes that the ALJ did not err in analyzing the applicability of the VA disability rating to Everson's claim for social security benefits.

**D. Whether the ALJ Erred in Weighing Dr. Randolph's Opinion**

In formulating an RFC finding, "the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012) (citing 20 C.F.R. § 404.1545(a)(3)); see also Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 514 (6th Cir. 2010). "An opinion from a treating physician is 'accorded the most deference by the SSA' because of the 'ongoing treatment relationship' between the patient

and the opining physician. A nontreating source, who physically examines the patient 'but does not have, or did not have an ongoing treatment relationship with' the patient, falls next along the continuum. A nonexamining source, who provides an opinion based solely on review of the patient's existing medical records, is afforded the least deference." Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012) (quoting Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007)) (internal citations omitted). "ALJs must evaluate every medical opinion [they] receive by considering several enumerated factors, including the nature and length of the doctor's relationship with the claimant and whether the opinion is supported by medical evidence and consistent with the rest of the record." Stacey v. Comm'r of Soc. Sec., 451 F. App'x 517, 519 (6th Cir. 2011). When an ALJ's decision rejects the opinion of a medical expert who is not a treating physician, the decision "must say enough to allow the appellate court to trace the path of [the ALJ's] reasoning." Id. (internal citation and quotation omitted).

Everson argues that the ALJ improperly rejected Dr. Randolph's opinion. (ECF No. 12 at 16-19.) The ALJ gave the opinion of Dr. Randolph (a consultative examiner) little weight. In assigning Dr. Randolph's opinion little weight, the ALJ stated:

> [Dr. Randolph's] proposed limitations suggest a level of impairment no at all supported by the treatment records. "Knee pain" and "back pain" are not medically determinable impairments, and the diagnostic studies of

> claimant's knees have been negative for any abnormalities. Furthermore, there are no diagnostic studies significant for back abnormalities, nor does the record reveal regular complaints of back pain in the actual treatment records. Moreover, his proposed limitations correspond with the claimant's self-reported physical limitations. Thus, it appears th[at] Dr. Randolph based his opinion in very large part on the claimant's subjective complaints rather than the objective clinical findings. Consequently, the opinion is given little weigh as inconsistent with the longitudinal objective evidence of records.

(R. 27.) The ALJ's discussion of Dr. Randolph's opinion offers several specific permissible reasons as to why he assigned Dr. Randolph's opinion minimal weight. See Staymate v. Comm'r of Soc. Sec., 681 F. App'x 462, 467 (6th Cir. 2017) ("We have previously found reasoning that a medical opinion relied too heavily on the claimant's subjective complaints as adequate to support an ALJ's decision to give little weight to the opinion."). Accordingly, the ALJ's decision to afford Dr. Randolph's opinion little weight is supported by substantial evidence.

### III. CONCLUSION

For these reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 28, 2019
Date